UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK DEMOS,

    Petitioner,

v.

MICHAEL CHERTOFF, *et al.*,

    Respondents.

CASE NO. C03-3243-RSL-MJB

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

On October 28, 2003, petitioner Mark Demos filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his final order of exclusion. (Dkt. #1). At the same time, petitioner also filed an Emergency Motion for Stay of Exclusion *pendente lite*. (Dkt. #2). On October 29, 2003, the Court entered a temporary stay of petitioner's exclusion from the United States pending resolution of the habeas petition in this Court. (Dkt. #5). This habeas corpus matter has subsequently been held in abeyance by agreement of the parties pending decision on petitioner's motion to reopen before the Board of Immigration Appeals, and his appeal from the denial thereof to the Court of Appeals for the Ninth Circuit. (Dkt. #28).

On June 7, 2005, respondents filed a Motion to Dismiss petitioner's habeas petition pursuant

REPORT AND RECOMMENDATION
PAGE – 1

to the recently enacted REAL ID Act of 2005, Pub. L. No. 109-13, §§ 101 and 106, 119 Stat. 231 (May 11, 2005)("REAL ID Act"), arguing that the District Court lacks subject matter jurisdiction to review petitioner's habeas petition, and therefore, there is no reason to continue to hold this matter in abeyance. (Dkt. #27). On June 27, 2005, petitioner filed a response, contending that § 106(c) of the REAL ID Act requires this Court to transfer the instant case to the Ninth Circuit Court of Appeals. (Dkt. #29). Respondents acknowledge that the REAL ID Act contains a mechanism for transferring habeas petitions to the appropriate court of appeals, and state that they have no objection to the transfer of this case to the Ninth Circuit. (Dkt. #30).

In light of the recent enactment of the REAL ID Act, I recommend that petitioner's habeas petition be transferred to the Ninth Circuit Court of Appeals as a Petition for Review.

## TRANSFER OF JURISDICTION

On May 11, 2005, the President signed into law the REAL ID Act of 2005. Under Section 106(a)(1)(B) of the REAL ID Act, two new paragraphs (4 and 5) were added to 8 U.S.C. § 1252(a), which governs judicial review of removal orders. Paragraph 5 of 8 U.S.C. § 1252(a) has particular relevance to this case; it provides:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)). This provision explicitly deprives this Court of jurisdiction under 28 U.S.C. § 2241 to review an order of removal,

REPORT AND RECOMMENDATION
PAGE -2 -

deportation, or exclusion entered under the Immigration and Nationality Act. Moreover, Section 106(b) of the REAL ID Act explicitly provides that Section 106(a) is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment." Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)). In this action, petitioner seeks judicial review of a final administrative order of exclusion. Accordingly, under the REAL ID Act, this Court no longer has jurisdiction to entertain this action.

However, Section 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "then the district court *shall* transfer the case (or any part of the case that challenges the order of removal ...) to the [appropriate] court of appeals." Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(c))(emphasis added). Accordingly, this action should be transferred to the Ninth Circuit Court of Appeals for resolution as a Petition for Review in accordance with § 106(c) of the REAL ID Act.

## CONCLUSION

For the foregoing reasons, I recommend that this case be transferred to the Ninth Circuit Court of Appeals as a Petition For Review pursuant to Section 106(c) of the REAL ID Act. A proposed Order accompanies this Report and Recommendation.

DATED this 25th day of July, 2005.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3 -